Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).   The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52611.**—Gane & Ingram, Inc., et al. *v.* United States, protests 139154–K, etc. (New York).

Opinion by COLE, J.   It was stipulated that the merchandise in question is the same in all material respects as the estrogenic hormone passed upon in *Roche-Organon* v. *United States* (35 C. C. P. A. 99, C. A. D. 378).   The claim at 10 percent under paragraph 34 was therefore sustained.

**No. 52612.**—U. S. Vitamin Corp *v.* United States, protest 133091–K (New York).

Opinion by COLE, J.   In accordance with stipulation of counsel that the merchandise consists of liver extract the same in all material respects as the substance passed upon in *United States* v. *Judson Sheldon Corp.* (33 C. C. P. A. 73, C. A. D. 318), the claim for free entry under paragraph 1669 was sustained.

BEFORE THE THIRD DIVISION, OCTOBER 13, 1948

**No. 52613.**—The May Company and The A. W. Fenton Co., Inc. *v.* United States, protests 56708–K and 56705–K (Cleveland).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

**No. 52614.**—Stair & Company, Inc., et al. *v.* United States, protests 57069–K; etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 52615.**—Keller Tailors Trimming Co., Inc. *v.* United States, protest 57973–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 52616.**—John Frederics, Inc. *v.* United States, protest 60519–K (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 52617.**—Ellis Silver Co., Inc. *v.* United States, protest 61124–K (New York).